IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ACADIA INSURANCE COMPANY and CONTINENTAL WESTERN INSURANCE COMPANY, §§§§§ Plaintiffs, § v. § JACOB AND MARTIN, LTD et al., §§§§§§ Defendants. | Civil Action No. 4:13-cv-798-O |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiffs Acadia Insurance Company and Continental Western Insurance Company's ("Plaintiffs") Motion for Summary Judgment (ECF No. 23), filed March 24, 2014; Plaintiffs' brief in support of their motion for summary judgment (ECF No. 24), filed March 24, 2014; Plaintiffs' appendix in support of their motion for summary judgment (ECF No. 25), filed March 24, 2014; Defendants Jacob and Martin, Ltd., Alan Derek Turner, and Kenneth B. Martin's ("Defendants")[1] response (ECF No. 27), filed May 5, 2014; Defendants' brief in support of their response (ECF No. 28), filed May 5, 2014; Defendants' appendix in support of their response (ECF No. 29), filed May 5, 2014; Plaintiffs' reply (ECF No. 30), filed May 8, 2014; Plaintiffs' Objection to Affidavit of Kenneth Martin and Motion to Strike (ECF No. 31), filed May 8, 2014; and Plaintiffs' supplement to their reply (ECF No. 32), filed May 21, 2014. For the reasons set forth below, the

---

[1] The Clerk of Court entered default against Defendant Randall Lovelady ("Lovelady"), and Plaintiffs' motion for default judgment against Lovelady is pending before the Court.

1

Court **GRANTS in part** and **DENIES in part** Plaintiffs' motion for summary judgment.

I.     FACTUAL AND PROCEDURAL BACKGROUND

This is an insurance coverage dispute in which Plaintiffs seek a declaration as to their duties to defend and indemnify Defendants in an underlying state court action. Accordingly, the following facts are drawn from the live pleading in the underlying action. Plaintiffs issued general liability and umbrella policies to Jacob and Martin, Ltd. *See* App. Pls.' Mot. Summ. J. Exs. 1 & 2 (Policies), ECF No. 25. The policies covered the period from December 1, 2010, to December 1, 2011. *Id.* In 2011, Jacob and Martin contracted with the city of Gordon, Texas, to design and install a new sewer system. *Id.* Ex.3 (Pet.), App. 250. Turner was the lead engineer on the project, and Lovelady was a project engineer. *Id.* Martin is the general partner of Jacob and Martin. *Id.*

The City of Gordon also contracted with Granbury Contracting & Utilities, Inc. to install sewer lines. *Id.* While working on the project, Lovelady directed Eliseo Alberto Ramirez Rodriguez ("Ramirez"), an employee of Granbury, to open a manhole, climb inside it, and remove a plug from the sewer line. *Id.* at 251. When Ramirez removed the plug, "toxic fumes were released and Ramirez died from asphyxia due to methane gas inhalation." *Id.*  Ramirez's parents filed suit against Jacob and Martin, Lovelady, Turner, and Martin under the Texas Wrongful Death and Survival statutes in Palo Pinto County, Texas. *See id.* at 247-48.

Thereafter, Plaintiffs filed a complaint in this Court seeking a declaration that they owe no duty to defend or indemnify Jacob and Martin, Lovelady, Turner, and Martin in the underlying lawsuit. All defendants except Lovelady have appeared. On March 24, 2014, Plaintiffs filed their motion seeking summary judgment. The motion is ripe for adjudication.

## II.     MOTION FOR SUMMARY JUDGMENT

### A.     Legal Standard

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

### B.     Analysis

Plaintiffs seek summary judgment that they own no duty to defend or indemnify Defendants in the underlying suit. *See generally* Br. Supp. Mot. Summ J., ECF No. 24. The duties to defend and indemnify are distinct. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821-22 (Tex. 1997) (citing *Am. Alliance Ins. Co. v. Frito–Lay, Inc.*, 788 S.W.2d 152, 153 (Tex. App.—Dallas 1990, writ

3

dism'd)). Thus, an insurer may owe one duty but not the other. *See D.R. Horton-Tex., Ltd. v. Market Int'l Ins. Co., Ltd.*, 300 S.W.3d 740, 741 (Tex. 2009).

1. Duty to Defend

An insurer owes a duty to defend its insured if the plaintiff's factual allegations potentially support a covered claim. *Zurich Am. Ins. Co. v. Nokio, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006)). An insurer's duty to defend is determined solely by the allegations in the underlying pleadings, without regard to their truth or falsity, in light of the policy provisions. *E.g.*, *GuideOne Elite Ins.*, 197 S.W.3d at 308 (citing *Argonaut Sw. Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex. 1973); *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 24 (Tex. 1965)). This is known as the "eight-corners" or "complaint–allegation" rule. *See id.* ("The rule takes its name from the fact that only two documents are ordinarily relevant to the determination of the duty to defend: the policy and the pleadings of the third-party claimant." (citing *King v. Dall. Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002)).

Courts resolve all doubts regarding the duty to defend in favor of the duty and construe the pleadings liberally. *Zurich Am. Ins. Co.*, 268 S.W.3d at 491 (citing *King*, 85 S.W.3d at 187; *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997)). The duty "is not affected by facts ascertained before suit, developed in the course of litigation, or by the ultimate outcome of the suit." *Id.* (citing *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 829 (Tex. 1997); 14 Couch on Insurance § 200:19. If the underlying complaint potentially includes a covered claim, the insurer must defend the entire lawsuit. *Id.* (citing 14 Couch on Insurance § 200:1).

Here, Plaintiffs contend they owe no duty to defend because the underlying suit falls within

4

the pollution exclusion of the policies. *See generally* Br. Supp. Mot Summ. J. 4-8, ECF No. 24. The generally liability policy issued by Acadia excludes:

> "[b]odily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" . . . [a]t or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste . . . .

*See* App. Pls.' Mot. Summ. J. Ex. 1 (Acadia Policy), App. 49. Similarly, the umbrella policy issued by Continental Western excludes: "'[b]odily injury' or 'property damage' which would not have occurred in whole or part but for the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time . . . ." *See* App. Pls.' Mot. Summ. J. Ex. 2 (Continental Policy), App. 230. The Continental Western policy continues:

> This exclusion does not apply if valid "underlying insurance" for the pollution liability risks described above exists or would have existed but for the exhaustion of underlying limits for "bodily injury" and "property damage." Coverage provided will follow the provisions, exclusion, and limitations of the "underlying insurance."

*Id.* Both policies define "pollutants" as follows: "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed." *Id.* at 243; *id.* Ex. 1(Acadia Policy), App. 60.

The underlying plaintiffs contend, when Ramirez removed the plug, "toxic fumes were released and Ramirez died from asphyxia due to methane gas inhalation." App. Pls.' Mot. Summ. J. Ex. 3 (Pet.), App 251. Defendants do not dispute that methane is a pollutant or that the exclusions otherwise apply to the facts alleged in the underlying suit. Rather, Defendants ask the Court to

5

consider extrinsic evidence that they contend demonstrates Ramirez may have died from a lack of oxygen. *See* Defs.' Resp. 9-10, ECF No. 28. Accordingly, Defendants argue summary judgment should be denied because facts outside the underlying pleadings may give rise to coverage.

Although the Texas Supreme Court has not decided the issue, several courts "have drawn a very narrow exception [to the eight-corners rule], permitting the use of extrinsic evidence only when relevant to an independent and discrete coverage issue, not touching on the merits of the underlying third-party claim." *See GuideOne Elite Ins. Co.*, 197 S.W.3d at 308-09 & n.2 (compiling cases). Here, however, the extrinsic evidence Defendants ask the Court to consider "engage[s] the truth or falsity of . . . facts alleged in the underlying case." *Id.* (quoting *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004)). As such, the Court will not consider any evidence beyond the policies and underlying pleading. Accordingly, the Court concludes that Plaintiffs are entitled to summary judgment on their duty to defend based on the complaint-allegation rule.

    2.    <u>Duty to Indemnify</u>

An insurer's duty to indemnify turns on the facts actually established—rather than alleged—in the underlying dispute. *Zurich Am. Ins. Co. v. Nokio, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006)); *see also D.R. Horton-Tex., Ltd. v. Market Int'l Ins. Co., Ltd.*, 300 S.W.3d 740, 744 (Tex. 2009) ("The insurer's duty to indemnify depends on the facts proven and whether the damages caused by the actions or omissions proven are covered by the terms of the policy."). Thus, an insured may have a duty to indemnify even if the duty to defend never arises. *D.R. Horton-Tex., Ltd.*, 300 S.W.3d at 741.

In support of their motion, Plaintiffs submitted the autopsy report for Ramirez and the results

of the Occupational Safety and Health Administration ("OSHA") investigation for the incident. *See* Pls.' Reply Exs. 1-3, ECF Nos. 30-1, 30-2, 30-3. The autopsy report was amended to change the cause of death from "asphyxia due to methane gas inhalation" to "asphyxia due to oxygen displacement in a confined space." *See* Pls.' Reply Ex. 1 (Original Report), ECF No. 30-1; Pls.' Suppl. Reply Ex. 1 (Am. Report), ECF No. 32-1. The OSHA investigation indicated that Ramirez died from asphyxiation due to the inhalation of toxic vapor. *See* Pls.' Reply Ex. 2 (OSHA Report), 4, ECF No. 30-2.

Defendants attached the affidavit of Martin to their response to the motion for summary judgment. *See* App. Defs.' Resp., ECF No. 29. Plaintiffs object to Martin's affidavit on the grounds that it fails to meet the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702 and that the statements therein are conclusory, not supported by facts or personal knowledge, and are inadmissible as fact or expert testimony. *See* Pls.' Obj. ¶ 3, ECF No. 31. Defendants submitted the affidavit in an effort to raise a genuine issue of material fact as to whether a lack of oxygen caused Ramirez's death. Thus, in pertinent part, Martin attests:

> It is my understanding that [Ramirez] died of asphyxiation while in one of the lift stations during construction. It is also my understanding that the pipeline had not been utilized at that time, so there was no raw sewage in the line. Also it is my understanding that there was a plug in the pipeline that prevented any gas or fluids from entering the lift station.

*See* App. Defs.' Resp. Ex. A (Martin Aff.). Martin, a professional engineer, attests that he is familiar with pipeline construction and based on his understanding of the circumstances "and the absolute lack of any sewage in the line" it is his opinion that Ramirez's death "was just as likely, if not more

7

so, due to a lack of oxygen as opposed to methane gas." *Id.*

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Hous., Tex.*, 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002)). Martin does not contend that he witnessed the incident, and he does not demonstrate the basis for his opinion as to Ramirez's cause of death. Accordingly, the Court concludes that Martin's affidavit fails to raise a genuine issue of material fact.

The Court, however, concludes that the corrected autopsy report raises a genuine issue of material fact as to whether Ramirez's death falls outside the pollution exclusion of Plaintiffs' policies. Although the report was amended to list "asphyxia due to oxygen displacement in a confined space" as the cause of death, Plaintiffs contend the report fails to raise a genuine issue of material fact. Specifically, Plaintiffs contend the report is inconsistent with other evidence—namely, the original report, the OSHA investigation, and witness testimony in the underlying suit. *See* Pls.' Suppl. Reply 2, ECF No. 32. Additionally, Plaintiffs argue that if the oxygen was displaced, "it would have to have been displaced by methane or some other gaseous substance that was present in a concentration capable of causing injury or death." *Id.* at 3.

Plaintiffs, however, fail to demonstrate that the substance which displaced the oxygen was in fact a pollutant as defined by the policies. It is not sufficient for Plaintiffs to note that the oxygen must have been displaced by another substance. Rather, Plaintiffs must show, by competent summary judgment evidence, that the substance which displaced the oxygen was a pollutant under the policies and that the means by which the oxygen was displaced falls within the exclusions.

8

Accordingly, the Court concludes that Plaintiffs have failed to meet their burden to demonstrate that they are entitled to judgment as a matter of law on the duty to indemnify.

### III. CONCLUSION

In light of the foregoing, the Court concludes that Plaintiffs Acadia Insurance Company and Continental Western Insurance Company owe no duty to defend Jacob and Martin, Ltd., Alan Derek Turner, Kenneth B. Martin, and Randall Lovelady in the underlying action. A genuine issue of material fact exists as to whether Plaintiffs owe a duty to indemnify Defendants. Accordingly, Plaintiffs' motion for summary judgment is **GRANTED in part** and **DENIED in part**.

**SO ORDERED** on this **28th day** of **May, 2014**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**